UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 11, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:  *Sheena W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-2377-BAH

Dear Counsel:

On September 19, 2022, Plaintiff Sheena W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8), the parties' dispositive filings[1] (ECFs 11 and 13), and Plaintiff's reply (ECF 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will GRANT Defendant's motion and AFFIRM the Commissioner's decision. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title XVI application for Supplemental Security Income ("SSI") benefits on September 23, 2020, alleging a disability onset of September 1, 2020. Tr. 151–57. Plaintiff's claim was denied initially and on reconsideration. Tr. 80–83, 87–91. On October 21, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 28–47. Following the hearing, on January 7, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12–27. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive "briefs" rather than "motions for summary judgment." Here, Plaintiff filed a brief and Defendant filed a motion for summary judgment.

[2] 42 U.S.C. §§ 301 et seq.

*Sheena W. v. Kijakazi*
Civil No. 22-2377-BAH
July 11, 2023
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 23, 2020, the application date." Tr. 17.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of obesity, asthma, lumbar spine disorder with sciatica, and iron deficiency anemia.[3]  *Id*.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 18.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except lifting 10 pounds occasionally and less than 10 pounds frequently; carrying 10 pounds occasionally and less than 10 pounds frequently; sitting for 6 hours, standing and/or walking for 2 hours; and pushing/pulling as much as can lift/carry.

Tr. 19.  The ALJ determined that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy.  Tr. 22.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 23.

## III.    LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the

---

[3] The ALJ did not determine whether Plaintiff suffered from any non-severe impairments.

evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff's sole argument on appeal is that the ALJ erred by failing to support their RFC determination with substantial evidence. ECF 11, at 8–22. Specifically, Plaintiff avers that the ALJ failed to perform a function-by-function analysis to support the determination that Plaintiff could perform the "primary exertional demands of competitive employment," including sitting, standing, walking, lifting, carrying, pushing, and pulling. *Id.* at 14–18. Defendant counters that "even if the ALJ did not provide a full function-by-function analysis," remand is not required because "[t]he ALJ discussed relevant and contested functions related to Plaintiff's ability to work when determining the RFC and included functional limitations that accommodated her impairments." ECF 13-1, at 12–13. Defendant also avers that "even if the ALJ found [Plaintiff] disabled, she would not be entitled to benefits because of her noncompliance" with medical treatment. *Id.* at 7.[4]

A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a). In determining a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed at 20 C.F.R. § 416.945(b), which include "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that may reduce [a claimant's] "ability to do past work and other work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which he believes the claimant to be capable. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Monroe*, 826 F.3d at 179).

As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's

---

[4] Defendant's position regarding Plaintiff's noncompliance with treatment is unpersuasive. For benefits to be denied based on noncompliance with treatment, an ALJ "must conduct a particularized inquiry and develop a record establishing by substantial evidence that the claimant's impairment is reasonably remediable by the claimant given the claimant's particular situation and that the claimant lacks good cause for failing to follow a prescribed treatment program." *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 274–75 (D. Md. 2003) (citing *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "[T]he Commissioner bears the burden of producing evidence that the condition is remediable by treatment and that the claimant, without good cause, refuses to follow the treatment." *Id.* at 274. Here, while the ALJ discussed Plaintiff's repeated noncompliance with treatment, *see* Tr. 20–21, the ALJ did not attempt to examine whether Plaintiff refused to follow her prescribed treatment based on good cause.

RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). "Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)).

Here, while the ALJ did not set forth an explicit function-by-function analysis of Plaintiff's abilities, the ALJ's decision accounts for all functions relevant to this case. The ALJ weighed three medical opinions relevant to Plaintiff's physical limitations, but found only two of them persuasive.[5] Specifically, the ALJ was "partially" persuaded by the state agency medical consultants' opinions, Tr. 21, each of which limited Plaintiff to: (1) frequently lifting and/or carrying 10 pounds; (2) occasionally lifting and/or carrying 20 pounds; (3) standing and/or walking for a total of two hours; (4) sitting (with normal breaks) for a total of about six hours in an eight-hour workday; and (5) unlimiting pushing and/or pulling. Tr. 57–58, 74. The ALJ deemed the opinions only "partially persuasive, as the evidence of record further supports limiting [Plaintiff to] sedentary [work] with additional postural and environmental limitations, including [Plaintiff's] limited range of motion with pain." Tr. 21. As such, the ALJ adopted each of the findings enumerated above except for those related to lifting and carrying. The ALJ limited those capacities to a greater extent than did the state agency medical consultants by finding Plaintiff capable of lifting and carrying a maximum of 10 pounds, rather than 20 pounds.[6] *See* Tr. 19, 57–58, 74.

Thus, the ALJ's RFC assessment was consistent with the SSA's definition of sedentary work, which involves lifting "no more than 10 pounds at a time[.]" 20 C.F.R. § 416.967. Moreover, because the ALJ's "relevant citations" to the state agency medical consultants' opinions "enable meaningful review of the ALJ's physical RFC analysis," remand is not warranted. *See Bell v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1351, 2017 WL 2416906, at *3 (D. Md. June 2, 2017) (finding ALJ's RFC to be supported by substantial evidence where "medical opinions . . . explicitly discuss[ed the claimant's] function-by-function exertional limitations and support[ed] the ALJ's RFC determination," enabling "meaningful review" of the decision).

Plaintiff cites multiple pieces of evidence in support of her contention that grounds exist to

---

[5] The ALJ was not persuaded by the August 20, 2020, opinion of Plaintiff's treating nurse practitioner, Brittany Stevenson. Tr. 21. Ms. Stevenson opined that Plaintiff's physical impairments "prevent her from working." *Id.* The ALJ found this opinion unpersuasive because "it is unsupported by any treatment summaries[] and it is not consistent with the evidence of record, which shows anemia treatment noncompliance and improvement in symptoms since physical therapy and with rest." *Id.*

[6] To be sure, the ALJ's RFC did not ultimately include the "additional postural and environmental limitations" which the ALJ found to be warranted. *See* Tr. 19, 21. But Plaintiff does not argue that the ALJ erred by failing to include postural and environmental limitations within the RFC.

support various exertional limitations which the ALJ did not discuss, incorporate into the RFC, or identify as unwarranted. ECF 11, at 15. But it is unclear how any of the evidence put forth by Plaintiff would alter the ALJ's RFC analysis. Plaintiff avers that the ALJ did not "cite to or mention" her physical therapy records.[7] *Id.* at 16. But a review of the ALJ's decision belies this contention. *See* Tr. 21 ("She was seen at pain management on August 10, 2021 for counseling for spine surgery and sciatica and agreed to begin physical therapy, which she began on August 24, 2021 with some improvement.") (citing Exhibit 10F).[8]

Plaintiff also contends that her primary and orthopedic care records reveal "reduced muscle strength in all major muscle groups," "an antalgic gait," "notations of sensory loss," "decreased range of motion of the lumbar spine," "poor" sitting posture, and "slow and guarded" transfers. ECF 11, at 16. With respect to Plaintiff's lumbar spine, her treatment records do not wholly support her contention. *See* Tr. 485, 495 (noting that range of motion of the lumbar spine "is within normal limits."). That inconsistency aside, the ALJ credited Plaintiff's decreased range of motion by limiting her RFC to a greater extent than that suggested by the state agency medical consultants, due, at least in part, to Plaintiff's "limited range of motion with pain." Tr. 21. Because the ALJ did so, Plaintiff's contention that the ALJ "cherry-pick[ed]" evidence regarding her lumbar degenerative disc disease is unconvincing. ECF 11, at 17.

Plaintiff's argument regarding her muscle strength is also unavailing because the ALJ credited the state agency medical consultants' finding that Plaintiff possessed "5/5 muscle strength." Tr. 21 (citing Tr. 53). Moreover, treatment records from 2021 note that "[m]uscle strength testing is 5/5 in all major muscle groups." Tr. 508. Additionally, the ALJ noted that "[t]he overall evidence of record, including treatment records and imaging[,] revealed . . . no . . . sensory changes." Tr. 18 (citing Exhibit 1F); *see also* Tr. 511 (noting "[n]o loss of motor or sensory function."). Further, the state agency medical consultants' opinions—explicitly evaluated in the ALJ's decision—took note of Plaintiff's antalgic gait. *See* Tr. 21 (citing Exhibit 3A); *see also* Tr. 70 (noting, on reconsideration, that Plaintiff has an "intermittent antalgic gait"). To the extent that Plaintiff's "sitting posture" and "guarded transfers" implicate her ability to sit, the ALJ took note of physical therapy records documenting these concerns and noted that Plaintiff's symptoms improved after therapy. Tr. 21 (citing Exhibit 10F).

Lastly, Plaintiff avers that physical therapy records document how her pain was "aggravated by" lifting, pulling, reaching, carrying, and walking. ECF 11, at 15. But, as discussed above, the ALJ considered Plaintiff's physical therapy records. The ALJ also noted Plaintiff's "episodes" of "leg pain," "back pain," and pain from movement. Tr. 19. Given the ALJ's ample consideration of the above evidence, Plaintiff's argument amounts to a request to reweigh the evidence. I am not permitted to do so. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

---

[7] Plaintiff incorrectly states that these records are located at Exhibit 9F. *See* ECF 11, at 16. Plaintiff's records from Aquafit Physical Therapy are located at Exhibit 10F. *See* Tr. 420–33.

[8] The record contains physical therapy treatment notes from only one day—August 24, 2021. *See* Tr. 420–33.

In sum, any failure by the ALJ to perform a function-by-function analysis where, as here, there is no evidence that a more robust analysis would lead to a different result, constitutes harmless error. *Mascio*, 780 F.3d at 636; *see also Turner v. Colvin*, No. 1:13CV00761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), *report and recommendation adopted*, No. 1:13CV761, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015) ("Plaintiff has not [shown] how a more complete analysis would have resulted in a more restrictive RFC or a different outcome in the case and, thus, such harmless error does not warrant remand."). Plaintiff has not identified how her conditions limited the RFC to a greater extent than the ALJ found. Thus, I am constrained to find that any alleged error was harmless. *See Brown v. Astrue*, No. JKS–09–1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, [Plaintiff] has shown no basis for remand.").

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays*, 907 F.2d at 1456. Governed by that standard, I find that the ALJ's decision is supported by substantial evidence and that remand is unwarranted. Stated differently, after reviewing the ALJ's opinion, I am not "left to guess about how the ALJ arrived at [their] conclusions on [Plaintiff's] ability to perform relevant functions," thus remand is not necessary. *Mascio*, 780 F.3d at 637.

## V.     CONCLUSION

For the reasons set forth herein, Defendant's motion for summary judgment, ECF 13, is GRANTED and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge